# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JEROME PRYOR,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:24-cv-00114**

**DEPUTY JASON ASHCRAFT and**
**JOHN DOE(S)**

    **Defendants.**

## AMENDED COMPLAINT

Comes now, Jerome Pryor, by counsel, Stroebel & Stroebel, P.L.L.C. and for his Amended Complaint, states as follows:

1. Plaintiff, Jerome Pryor, was slammed, punched, kicked, and struck on or about March 10, 2022, by the defendant police officers, Deputy Jason Ashcraft and John Doe(s). Plaintiff was a resident of Kanawha County, West Virginia at the time of the beating and is currently incarcerated in West Virginia. Plaintiff's claims are made pursuant to 42 U.S.C. § 1983 as well as state common/statutory laws. When applicable, plaintiff seeks damages up to the amount of insurance coverage provided to the defendants.

2. Upon information and belief, Defendant Jason Ashcraft and John Doe(s) were employed by the Kanawha County Sheriff Department and were acting under the color of state law at the time they punched, kicked, struck, and slammed plaintiff without cause. Defendant Ashcraft and John Doe(s) are being sued in their individual capacities. Plaintiff seeks damages up to the amount of insurance available if applicable.

3. Upon information and belief, Defendant Does were employed by the West Virginia State Police and were acting under the color of state law at the time they punched, kicked, struck,

and slammed plaintiff without cause. Defendant Does are being sued in their individual capacities. Plaintiff seeks damages up to the amount of insurance available if applicable.

4. On March 10, 2022, Plaintiff was involved in a vehicle pursuit with City of Charleston officers, Kanawha County Sheriff Department officers, and the West Virginia State Police. Plaintiff eventually pulled over his car and peacefully gave himself up to the police. Plaintiff can be seen on video parking his vehicle, getting out of the driver side, and placing his hands in the air and behind his head in surrender. Instead of taking Plaintiff's hands and placing him under arrest, Defendant Ashcraft and Defendant Does slammed Plaintiff into the hood of a police vehicle and began punching and striking Plaintiff when he was not resisting. Defendant Ashcraft and Defendant Does then slammed Plaintiff to the ground where they continued to punch, strike, kick, and knee the Plaintiff when he had already surrendered to the police and was not a threat to himself, the officers, or others. The force was excessive and unnecessary. Defendants knew through legal precedent that such conduct is a constitutional violation. These actions caused serious bodily injury and required that plaintiff be taken to the hospital for evaluation and treatment.

5. The Kanawha County Sherrif's Department Officers failed to identify who was involved in Plaintiff's arrest and who used force against Plaintiff during his arrest.

6. The events described herein occurred in Kanawha County, West Virginia.

7. Defendants would have known that their conduct was a violation of plaintiff's constitutional rights at the time they punched, kicked, and struck plaintiff, and slammed plaintiff onto the ground when Plaintiff had surrendered and was not a threat to himself, the officers, or anyone else.

## COUNT I - VIOLATION OF FOURTH AMENDMENT TO UNITED STATES CONSTITUTION – USE OF EXCESSIVE FORCE

8. Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

9. Defendant Ashcraft and Defendant Does, as set forth hereinabove, slammed Plaintiff into the hood of a police vehicle, slammed Plaintiff to the ground, punched, kicked, and struck Plaintiff using excessive force that was unwarranted, unnecessary, and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation on Plaintiff. At no time after Plaintiff surrendered did Plaintiff pose a threat to the Defendants, himself, or others.

10. The excessive force and conduct described in paragraph 4 and other paragraphs above and as used against Plaintiff by the Defendants was a violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures and unreasonable intrusions on his bodily integrity. This conduct is actionable pursuant to 42 U.S.C. § 1983.

11. Slamming Plaintiff into the police vehicle and ground, punching, kicking, and striking Plaintiff was excessive, outrageous, and an abuse of power in violation of Plaintiff's rights under the Fourth Amendment to be free from excessive force and unlawful searches and seizures. Further, Defendants' acts, as set forth hereinabove, were done while they were acting under the color of state law. The Defendants would have known from legal precedent that such conduct was a violation of plaintiff's constitutional rights.

12. As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been damaged, with emotional distress, violation of his rights and is therefore

entitled to compensatory damages, punitive damages, as well as attorney fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT II - BATTERY

13. Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

14. Defendant Ashcraft and Defendant Does battered Plaintiff when they slammed Plaintiff into the hood of the police vehicle and ground, and when the Defendants punched, kicked, and struck Plaintiff.

15. As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

## COUNT III – RECKLESSNESS/MALICIOUS CONDUCT

16. Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

17. Defendant Ashcraft and Defendant Does acted recklessly and/or maliciously when they slammed Plaintiff into the hood of the police vehicle and ground, and when the Defendants punched, kicked, and struck Plaintiff without any just cause or reason.

18. The malicious nature of these acts is demonstrated by the conduct of the Defendants and the Defendants extreme force used on Plaintiff after he clearly put his hands up behind his head, showing he was surrendering to the police.

19. The conduct of defendants as described herein was in bad faith and carried out in a wanton, reckless, and malicious manner is actionable pursuant to W.Va. Code § 29-12A-5.

20. As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

WHEREFORE, for the reasons set forth in this Amended Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

JEROME PRYOR
By Counsel,

/**s/ Paul E. Stroebel**
Paul E. Stroebel (WV Bar #13269)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroebel1@gmail.com